UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DENNIS JOHNSON** | * |
| 1132 North Hambletonian Drive | * |
| Hernando, Florida 34442 | * |
| | * |
| v. | * Civil Case No. |
| | * |
| **PARAGON SYSTEMS, INC**. | * |
| 13655 Dulles Technology Drive | * |
| Herndon, Virginia 20171-0000 | * |
| | |
| Service to Registered Agent: | * |
|    C T Corporation System | * |
|    1015 15th Street, NW | * |
|    Suite 1000 | * |
|    Washington, DC 20005 | * |

**COMPLAINT**

(FOR DECLARATORY, EQUITABLE AND MONETARY RELIEF)

INTRODUCTION

1. Plaintiff Dennis Johnson (Hereinafter "Plaintiff"), by and through undersigned counsel, brings this action under 42 United States Code §1983 for redress of injuries he suffered due to violations of his constitutional rights and common law;

## JURISDICTION

2. The acts alleged were committed entirely in the District of Columbia.  This action arises under 28 U.S.C. §§1331, 1332, and 1343 and 42 U.S.C. §1983.  Accordingly, jurisdiction over this action is invoked;

3. Plaintiff is entitled to have his federal claims litigated in the federal court along with state pendent and ancillary claims arising out of the same event;

## PARTIES

4. Defendant Paragon Systems Inc. (Hereinafter "Defendant") is a Virginia Corporation located at 14160 Newbrook Drive, Suite 150, Chantilly, Virginia 20151-2297;

5. Defendant at all times relevant to this claim maintained a GSA contract for Armed Guard Services for the Federal Protective Service, United States Immigration and Customs Enforcement (Hereinafter "ICE"), a department of the Homeland Security Agency of the United States Government;

## FACTS

6. At all times relevant to this lawsuit, Plaintiff was a federal government contractor with ICE in a law enforcement capacity;

7. Plaintiff is also a retired federal law enforcement officer;

8. As a retired federal law enforcement officer, plaintiff is entitled to carry a firearm on federal property at any time;

9. On or about October 31, 2012, Plaintiff entered an ICE facility located at 550 12th Street, SW, Washington, DC to attend ICE training;

10. Plaintiff mistakenly entered the "visitor entrance" of the ICE facility instead of the "employee entrance" on or about October 31, 2012, with a loaded handgun in his briefcase to attend a regular meeting with ICE training officials;

11. The scanner located at the ICE facility revealed the weapon;

12. Employees of Defendant manned the scanners at the said ICE facility at 550 12th Street, SW, Washington, DC;

13. Employees of the Defendant working in the scope of their employment handcuffed Plaintiff for over two hours;

14. Within minutes of being handcuffed, Plaintiff displayed his federal law enforcement badge entitling him to carry a weapon, and members of the ICE meeting immediately instructed the Defendant Paragon Systems Inc. security staff that Plaintiff was a ICE law enforcement contractor entitled to bring a weapon into the building;

15. Defendant paragon systems security guard continued to maintain the handcuffs on plaintiff's wrists for over two hours while causing physical pain and humiliation to Plaintiff;

16. From October 31, 2015 continuously through December 31, 2015, Mr. Chris Adams, an employee, of Defendant Paragon Systems continued to threaten criminal action against plaintiff for entering the ICE facility with a loaded handgun on or about October 31, 2015 causing undue stress to Plaintiff;

17. Chris Adams reference in paragraph 16 herein is either a Paragon Systems employee or ICE employee at all times relevant to this lawsuit;

CIVIL RIGHTS VIOLATION

18. Plaintiff adopts by reference the allegations contained in paragraphs 1-17 of this Complaint with the same effect as if herein fully set forth;

19. At all times relevant to the above facts, Defendant Paragon Systems Incorporated was a contractor with the federal government under GSA contract number GS-07F-0418K (GS07F0418K) to provide armed security services at the ICE facility, among other places, at 550 12th Street, SW, Washington, DC;

20. Defendant failed to properly train it's security staff, to adequately supervise its' staff enabling them to act with deliberate indifference to the constitutional rights of the Plaintiff;

21. Defendant was aware of the constitutional violation to Plaintiff and failed to stopped the act of malicious threat of false prosecution for over a month;

22. Defendant failed to create a policy to detain suspicious people for a reasonable amount of time after the person is deemed not to be a threat;

23. Defendant was negligent, indifferent, and deliberately indifferent to the safety health and welfare of the public and plaintiff in particular;

24. Defendants' acts and omissions that were illegal included maintaining Plaintiff in a position of handcuffed and in Paragon Systems custody for over 2 hours after determining Plaintiff had not done anything wrong;

25. Defendants acts of limiting Plaintiff personal liberty for over 2 hours and then threatening to initiate criminal proceeding against the Plaintiff for over 2 months based upon the events on or about October 31, 2012, violated Plaintiff's 4th Amendment rights;

## ASSAULT and BATTERY

26. Plaintiff adopts by reference the allegations contained in paragraphs 1-25 of this complaint with the same effect as if herein fully set forth.

27. Security guards of the Defendant Company assaulted Plaintiff and Defendant company supervised and aided in the assault and battery of Plaintiff, intending to threaten or cause harm to Plaintiff and to cause apprehension of imminent harm or frivolous criminal charges from on or about October 31, 2012 and continuously through December 31, 2012;

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiff adopts by reference the allegations contained in paragraph 1-27 of this complaint with the same effect as if herein fully set forth;

29. Defendants' security guards conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiff as a result of threaten to start criminal proceeding for over 2 months after plaintiff had brought a handgun through the wrong entrance of an ICE building while Plaintiff served ICE as a federal law enforcement contractor;

## COMMON LAW NEGLIGENCE

30. Plaintiff adopts by reference the allegations contained in paragraph 1-29 of this complaint with the same effect as if herein fully set forth;

31. At all times, herein, Defendant employees were acting within the scope of employment for the benefit of their employer, Paragon Systems Incorporated, as its agents or servants;

32. As such, Defendant is vicariously liable for the negligent acts and omissions its employees who were performing within the scope of their employment in furtherance of the interest of the employer;

33. Defendant owed Plaintiff a duty to properly screen and not detain visitors to ICE facilities;

34. Defendant employees breached the duty of care to Plaintiff by keeping Plaintiff handcuffed for over 2 hours after determining Plaintiff was legally entitled to bring a handgun into the ICE facility and then threatening to start criminal proceedings against Plaintiff for over 2 months after the event based upon the event of bringing a weapon into the ICE facility;

35. As a result, Plaintiff suffered injury.

WHEREFORE, in consideration of the aforesaid Plaintiff has suffered and continues to suffer emotional distress, embarrassment and humiliation as a result of the aforesaid actions against him.  Plaintiff seeks declaratory, injunctive relief, compensatory and punitive damages and attorney fees and whatever other remedies the Court deems necessary to make Plaintiff whole.

        Respectfully Submitted,

        /s/Kevin J. McCants (493979)

        601 Pennsylvania Avenue, NW

        Suite 900

        Washington, DC 20004

        202-459-4676

        202-330-5155 (fax)

Jury Demand

October 31, 2015.