UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
DENNIS JOHNSON,                )
                               )
          Plaintiff,           )
                               )
     v.                        )
                               )   Civ. Action No. 15-1851 (EGS)
                               )
PARAGON SYSTEMS, INC.          )
                               )
          Defendant.           )
_____)
```

**MEMORANDUM OPINON**

On October 31, 2012 Plaintiff Dennis Johnson ("Mr. Johnson") arrived at an Immigration and Customs Enforcement ("ICE") facility and unintentionally entered the facility through the visitor entrance instead of the employee entrance with a loaded handgun in his briefcase. Compl., ECF No. 1, ¶¶ 9, 10. Although Mr. Johnson was contracted to provide law enforcement services to ICE, he was immediately placed in handcuffs when his weapon was detected. *Id.* ¶ 11. Mr. Johnson was detained for over two hours during which he allegedly suffered physical pain and humiliation. *Id.* ¶¶ 13, 15.

Mr. Johnson filed suit on October 31, 2015 against Defendant Paragon Systems, Inc. ("Defendant"), an ICE security service provider. Mr. Johnson alleges four counts: a Civil Rights Violation (Count I), Assault and Battery (Count II), Intentional

1

Infliction of Emotional Distress (Count III), and Common Law Negligence (Count IV). *Id*. ¶¶ 4-6. On February 1, 2016, Defendant filed a Partial Motion to Dismiss, seeking to have Mr. Johnson's intentional infliction of emotional distress claim dismissed. Def.'s Partial Mot. Dismiss, ECF No. 6 at 6. For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.

**I. Background**

Mr. Johnson is a retired federal law enforcement officer who claims he is entitled to carry a firearm on federal property at any time. Compl. ¶¶ 6-9. Mr. Johnson traveled to the ICE facility on October 31, 2012 to attend a training session. *Id.* Mr. Johnson was detained and handcuffed after the security scanner revealed his weapon. *Id.* ¶ 11. Shortly after being handcuffed, Mr. Johnson displayed his badge to employees of Defendant. *Id.* ¶ 14. Eventually, ICE officials informed Defendant's staff of Mr. Johnson's right to bring a weapon into the building. *Id.*

Mr. Johnson alleges that he suffered physical pain and humiliation due to Defendant's decision to keep handcuffs on him for more than two hours, even after ICE officials informed Defendant's staff that Mr. Johnson was approved to carry a firearm in the building. *Id*. ¶ 14. Mr. Johnson also alleges that for two months after the incident, Paragon employee Chris Adams

threatened to start criminal proceedings against Mr. Johnson. *Id.* ¶ 16.

## II. Standard of Review

A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering such a motion, the complaint is "construed liberally in the plaintiff['s] favor", and the Court must grant plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994)). "However, the [C]ourt need not accept inferences drawn by [the] plaintiff[ ] if such inferences are unsupported by the facts set out in the complaint." *Id.*

Although there is no formulaic method, Rule 12(b)(6) requires enough factual matter be pled to find that the claim is plausible, not just possible. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1941 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (127 S. Ct. 1955 (2007). This determination is limited to facts consistent with the allegations in the complaint and should cast aside legal conclusions. *Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 563.

## III. Analysis

Defendant argues that Mr. Johnson's intentional infliction of emotional distress claim should be dismissed as a matter of law because the injury alleged did not result from extreme or

outrageous conduct on the part of Defendant's employees and because Mr. Johnson does not describe his alleged injury in sufficient detail.[1] An intentional infliction of emotional distress claim must allege "(1) extreme and outrageous conduct on the part of the defendant, which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. 1982). To meet the first element, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Bernstein v. Fernandez*, 649 A.2d 1064, 1075 (D.C. 1991). Establishing the third element requires the plaintiff to show a "serious, verifiable emotional injury." *Hudson v. D.C.*, 558 F.3d 526, 533 (D.C. Cir. 2009). Only the first and third elements are at issue in this motion.

First, Defendant correctly asserts that the Complaint is "entirely devoid of the factual basis necessary to support an

---

[1] Defendant also argues that Mr. Johnson failed to make a plain statement of his claim because it is "limited to a single sentence, [is] purposefully vague and merely recites the legal elements of an intentional infliction of emotional distress claim." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court will not discuss this argument in detail because Mr. Johnson's intentional infliction of emotional distress claim fails as a matter of law.

intentional infliction of emotional distress claim . . . [which] can hardly be seen as the type of extraordinary conduct necessary to substantiate a claim of this nature." Def.'s Partial Mot. Dismiss at 5. Defendant points to *Harris v. D.C.*, where this Court held that the plaintiff's claim for intentional infliction of emotional distress failed as a matter of law because his arrest by twelve officers at gunpoint in front of "the very schoolchildren he was assigned to protect" was not "so outrageous in character, and so extreme in degree" to state a claim. 696 F. Supp. 2d 123, 137-38 (D.D.C. 2010).

The facts of this case are far less severe. First, Mr. Johnson alleges that he was handcuffed for up to two hours. Compl. ¶ 14. Handcuffing suspects is a normal detention practice that cannot be considered outrageous. *See Cotton v. D.C.*, 541 F. Supp. 2d 195, 206 (D.D.C. 2008). Second, Mr. Johnson alleges that Paragon employee Chris Adams threatened criminal action for up to two months following the incident. *Id.* ¶ 16. This allegation also fails to rise to the level of conduct so extreme in degree "as to go beyond all possible bounds of decency." *See Stewart v. Thomas*, 538 F. Supp. 891, 894 (D.D.C. 1982).

Mr. Johnson's only response to Defendant's 12(b)(6) argument is that "[t]hreatening and embarrassing a retired law enforcement officer in public for non-illegal behavior is outrageous behavior." Pl.'s Opp. Def.'s Mot. Dismiss at 2. Mr.

5

Johnson cites *Waldon v. Covington* to support this proposition. 415 A.2d 1070, 1076 (D.C. 1980). However, *Waldon* does not support Mr. Johnson's argument. In *Waldon*, the widow of a deceased university professor maintained an action for intentional infliction of emotional distress claim after his death. *Id.* at 1072. The D.C. Court of Appeals held that the plaintiff failed to establish a *prima facie* case of intentional infliction of emotional distress because reassigning her husband to teach outside of his area of expertise, among other reasons, did not constitute outrageous conduct. *Id.* at 1077-78. Thus, not only does Mr. Johnson fail to allege facts that support a finding of outrageous behavior, the case law he cites undermines his own argument.

Even if Mr. Johnson's allegations of outrageous conduct were sufficient to meet the first element of an intentional infliction of emotional distress claim, Mr. Johnson's claim still fails because he does not allege facts showing that his humiliation exceeded the level of embarrassment associated with ordinary custodial detentions. In order to qualify as severe emotional distress, the complaint must describe distress of a nature so acute that "harmful physical consequences might be not unlikely to result." *Chen v. D.C.*, 256 F.R.D. 267, 272-73 (D.D.C. 2009) (citing *Sere*, 443 A.2d at 37). For example in *Chen*, the court held that the plaintiff's complaint did not fail

as a matter of law because the plaintiff allegedly developed an abiding fear of police officers, became scared to go outside at night, and experienced difficulty performing work duties. *Id.* at 273.

Unlike the plaintiff in *Chen*, who described specific effects on her work and daily routine, Mr. Johnson does not provide any concrete or articulable effects of psychological or physical trauma as a direct cause of Defendant's conduct. Rather, Mr. Johnson confines his description of his injuries to general statements such as "undue stress" and "humiliation." Compl. ¶¶ 15, 16. These allegations are insufficient to state a claim. Accordingly, Mr. Johnson's intentional infliction of emotional distress claim fails as a matter of law.

**IV. Conclusion**

For the foregoing reasons, Defendant's Partial Motion to Dismiss is **GRANTED.**

**Signed:   Emmet G. Sullivan**
**United States District Judge**
**July 1, 2016.**