UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DENNIS JOHNSON,                     )
                                    )
            Plaintiff,              )    Civil Action
                                    )    No. 15-1851(EGS)
      v.                            )
                                    )
PARAGON SYSTEMS, INC., *et al.*,    )
                                    )
            Defendants.             )
_____ )


**MEMORANDUM OPINION**

Pending before the Court is defendant Paragon Systems, Inc.'s ("Paragon") motion for summary judgment. For the reasons articulated below, the Court **GRANTS** Paragon's motion.

I.  **Background**

On October 24, 2012, plaintiff Dennis Johnson arrived at an Immigration and Customs Enforcement ("ICE") facility and entered the building with a loaded handgun in his briefcase. Am. Compl. ¶ 10, ECF No. 12. As a retired federal law enforcement officer, Mr. Johnson asserts that he is entitled to carry a firearm on federal property at any time. *Id.* ¶ 10.

Nonetheless – perhaps because Mr. Johnson inadvertently entered the ICE facility through the visitors' entrance and not the employees' entrance – Mr. Johnson was immediately detained by security guards allegedly employed by Paragon. *Id.* ¶¶ 10-13. According to Mr. Johnson, even though he promptly displayed his

1

law-enforcement badge to the security guards, and even though the security guards were allegedly notified that Mr. Johnson was entitled to bring his weapon into the building, the security guards "handcuffed Plaintiff for over two hours." *Id.* ¶¶ 13-15.

Mr. Johnson further alleges that Christopher Adams – a Federal Protective Service employee who supposedly supervised "either a Paragon Systems employee or MVM employee" – threatened to initiate criminal proceedings against Mr. Johnson "for entering the ICE facility with a loaded handgun." *Id.* ¶¶ 16-17. Mr. Adams purportedly continued to threaten Mr. Johnson with legal action for a period of over two months. *Id.*

Based on these allegations, Mr. Johnson filed suit on October 31, 2015 against Paragon. *See* Compl., ECF No. 1. In that complaint, Mr. Johnson asserted four causes of action: (1) a "civil rights violation"; (2) assault and battery; (3) intentional infliction of emotional distress; and (4) common-law negligence. *Id.* ¶¶ 18-35. On July 1, 2016, the Court granted Paragon's partial motion to dismiss, dismissing Mr. Johnson's claim for intentional infliction of emotional distress after concluding that Mr. Johnson had failed to sufficiently allege that his injury resulted from "extreme and outrageous conduct." *See Johnson v. Paragon Sys., Inc.*, 195 F. Supp. 3d 96 (D.D.C. 2016).

Following the dismissal, Mr. Johnson filed an amended complaint adding MVM Inc., Federal Protective Services, and Christopher Adams as co-defendants. *See* Am. Compl., ECF No. 12 (filed October 21, 2016). Paragon timely answered the complaint and, on January 13, 2017, filed this motion for summary judgment. *See* Def.'s Mot. Summ. J. ("Def.'s Mot."), ECF No. 18. In support of its motion, Paragon states that, at the time of Mr. Johnson's encounter with the security guards at the ICE facility, it "did not have a contract to provide security services" at the site. *See* Def.'s Statement of Undisputed Material Facts ("SUMF") ¶¶ 2-3, ECF No. 18-1. To that end, Paragon maintains that none of its employees, agents, or representatives were "involved, in any way, with the alleged occurrence" described in Mr. Johnson's amended complaint. *Id.* ¶¶ 10-14.

At his deposition, Mr. Johnson essentially conceded as much, testifying that he had no knowledge with respect to Paragon's involvement in the incident at the ICE facility:

> **Q:** Do you have any understanding of what role Paragon Systems, Inc. played in regard to the incident?
>
> **A:** I do not.
>
> **Q:** Do you have an understanding [as to] why they were named as a Defendant in this case?
>
> **A:** I don't.

Deposition of Dennis Johnson 70:12-18, Def.'s Mot. Ex. 4, ECF No. 18-2. Later, Mr. Johnson testified:

> **Q:** Do you have any information, other than what you might have learned from your attorney, to support a belief that Paragon Systems had a contract to provide security at the location where the incident occurred?
>
> **A:** I don't.

*Id.* 71:19-72:2.

Paragon asserts that Mr. Johnson's testimony, along with other record evidence, makes clear that Mr. Johnson "has mistakenly and improperly included Paragon as a party-defendant in this litigation." *See* Def.'s Mem. in Supp. of Mot. for Summ. J. ("Def.'s Mem.") at 7. Indeed, Paragon avers that it did not provide any security services for the ICE facility until October 2013 – nearly a year after the alleged incident. SUMF ¶¶ 4-5, 10-14. Furthermore, Paragon states that it has no relationship, contractual or otherwise, with any of the other defendants in this litigation. *Id.* ¶¶ 6-9.

On March 9, 2017, the Court issued a Minute Order directing Mr. Johnson to file a response to Paragon's summary judgment motion by no later than March 23, 2017, cautioning Mr. Johnson that, if he failed to respond by that date, the "Court may consider the facts provided in defendant's motion as undisputed for purposes of summary judgment." *See* Minute Order, Mar. 9,

2017. To date, Mr. Johnson, who is represented by counsel, has not responded to Paragon's motion.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). The moving party must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

Once the moving party has met its burden, the non-moving party must come forward with specific facts that would present a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Any inferences drawn on the facts must be viewed in the light most favorable to the non-moving party. *See Matsushita*, 475 U.S. at 587. A party asserting that a fact is "genuinely disputed" must support that assertion

by "citing to particular parts of materials in the record" or "showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "If a party . . . fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e); *see also* Local Civ. R. 7(h).

## III. DISCUSSION

Mr. Johnson has three remaining causes of action.

Mr. Johnson's first cause of action is styled as a "Civil Rights Violation" based on an alleged infringement of Mr. Johnson's Fourth Amendment rights. Am. Compl. ¶¶ 18-25. He alleges that defendants' "acts of limiting plaintiff's personal liberty for over 2 hours and then threatening to initiate criminal proceedings against the Plaintiff" violated his constitutional rights. Am. Compl. ¶ 25. In particular, Mr. Johnson claims that Paragon violated his constitutional rights by "fail[ing] to properly train [and adequately supervise] it's [sic] security staff," by failing to create a policy limiting the detainment of "suspicious people" to a "reasonable amount of time after the person is deemed not to be a threat," and "through [its] indifference to the safety health and welfare of the public and plaintiff in particular." *Id.* ¶¶ 20-24.

Mr. Johnson's second and third causes of action are for the common-law torts of assault and battery and negligence. *Id.* ¶¶ 26-35. Mr. Johnson alleges that Paragon's security guards "assaulted" him by handcuffing him and threatening to file "frivolous" criminal charges against him. *Id.* ¶ 27. Mr. Johnson further contends Paragon and its employees owed him a duty of care to properly screen and not detain visitors to ICE facilities. *Id.* ¶ 33. Mr. Johnson alleges that Paragon breached that duty by handcuffing him for over two hours and then threatening criminal proceeding against him for over two months. *Id.* ¶ 34.

Paragon contends that all of Mr. Johnson's remaining claims fail because, at bottom, they require Mr. Johnson to demonstrate that Paragon took some action that injured him. *See* Def.'s Mem. at 6 ("Plaintiff's Civil Rights Violation claim is founded upon his belief that his . . . [r]ights were violated by the security staff that allegedly improperly detained his person and seized his firearm."); *id.* ("An actionable battery claim requires that [a plaintiff] demonstrate 'an intentional act that cases a harmful or offensive bodily contact.'"); *id.* at 7 (to succeed on his claim for negligence, plaintiff must prove, *inter alia*, "that [defendant's] violation of [the standard of care] was the proximate cause of the alleged injuries"). According to Paragon, because Mr. Johnson has not been able to "factually

7

substantiate" any of his claims through discovery, Paragon is entitled to summary judgment. Def.'s Mem. at 6-7.

The Court agrees with Paragon. Mr. Johnson does not point to any evidence in the record suggesting that Paragon participated in or was responsible for any conduct that allegedly injured him. To the contrary, Mr. Johnson admits that he was handcuffed and detained by employees of MVM, Inc. and Federal Protective Service – and not by Paragon or its employees. Def.'s Mot Ex. 3, Pl.'s Interrog. Resp. ¶¶ 22, 43, ECF No. 18-2; *see also* SUMF ¶ 15 ("Plaintiff concedes that a MVM security officer and supervisor, as well as an FPS officer, were present during the subject occurrence and not anyone affiliated with Paragon."); *id.* ¶ 16 ("Plaintiff fails to identify Paragon in any of his written discovery responses as an entity having anything to do with the subject occurrence."); *id.* ¶ 17 (in his deposition, plaintiff testified "that MVM, and not Paragon, employed the security guards that were involved in the incident and that FPS employees, including Adams, eventually appeared at the scene"). Furthermore, in an unrebutted affidavit, Paragon's Vice President and General Counsel avers that "[n]o employee, agent or representative of Paragon was present at the site of the alleged occurrence on October 24, 2012" because Paragon did not enter into a contract to provide security services for that

ICE facility until October 2013. Def.'s Mot. Ex. 2, Affidavit of Laura Hagan, ECF No. 18-2.

Based on this record, no "reasonable jury" could return a verdict for Mr. Johnson. Other courts are in accord. *See, e,g.*, *Edwards v. Okie Dokie, Inc.*, 473 F. Supp. 2d 31, 41 (D.D.C. 2007) (plaintiffs' claims based on alleged violations of their constitutional rights failed where they conceded that they "were arrested by MPD officers" and not by defendant); *Bradshaw v. Oberg*, 690 F. Supp. 31, 34-35 (D.D.C. 1988) (summary judgement in favor of defendant warranted where plaintiff admitted in a deposition "that she did not know whether defendant Oberg ordered" the allegedly unconstitutional search); *Zhi Chen v. District of Columbia*, 808 F. Supp. 2d 252, 258 (D.D.C. 2011) (granting summary judgment to defendant on plaintiff's assault-and-battery claim where plaintiff "fail[ed] to point to any record evidence indicating that [defendant] ever attempted or threatened to harm [plaintiff] physically"); *Caldwell v. Caesar*, 150 F. Supp. 2d 50, 66 (D.D.C. 2001) (granting defendant summary judgment on negligence claim where "there [wa]s no evidence that [the defendant] was involved" in the conduct at issue in the litigation).

In short, there is no genuine dispute of material fact with respect to Paragon's conduct – or, rather, lack thereof – in connection with the incident at the center of Mr. Johnson's

complaint. Accordingly, Paragon's motion for summary judgment on Mr. Johnson's remaining claims is **GRANTED**.

On the record before the Court, it appears that this lawsuit against Paragon was ill-conceived and a waste of this Court's time and resources. Accordingly, the Court orders plaintiff Dennis Johnson and his attorney Kevin Jesse McCants to show cause, by no later than October 30, 2017, why sanctions, including significant monetary sanctions, should not be imposed against them both pursuant to Federal Rule of Civil Procedure 11(b) and why Mr. Mccants should not be referred to the Committee on Grievances of the United States District Court for the District of Columbia for any investigation or proceedings that the Committee may deem appropriate.

A separate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**September 27, 2017**