UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DENNIS JOHNSON,                     )
                                    )
            Plaintiff,              )   Civil Action
                                    )   No. 15-1851(EGS)
      v.                            )
                                    )
PARAGON SYSTEMS, INC., *et al.*,    )
                                    )
            Defendants.             )
_____)

**MEMORANDUM OPINION**

Plaintiff Dennis Johnson, a retired law enforcement officer, claims that he was improperly detained and harassed after he entered an Immigration and Customs Enforcement ("ICE") facility with a handgun. He has sued the private security contractors — MVM, Inc. ("MVM") and Paragon Systems, Inc.("Paragon") — allegedly responsible for security at that ICE facility, along with Federal Protective Services ("FPS") and one of its employees, Christopher Addams (collectively, "Federal Defendants"). Pending before the Court are MVM and the Federal Defendants' motions to dismiss the amended complaint. For the reasons articulated below, the Court **GRANTS** defendants' motions and dismisses Mr. Johnson's complaint.

I.  BACKGROUND

On October 31, 2012, Mr. Johnson arrived at an ICE facility and entered the building with a loaded handgun in his briefcase.

1

Am. Compl., ECF No. 12 ¶ 10.[1] As a retired federal law enforcement officer, Mr. Johnson asserts that he is entitled to carry a firearm on federal property at any time. *Id.* ¶ 10.

Nonetheless — perhaps because Mr. Johnson inadvertently entered the ICE facility through the visitors' entrance and not the employees' entrance — Mr. Johnson was immediately detained by security guards allegedly employed or supervised by defendants. *Id.* ¶¶ 10-13. According to Mr. Johnson, even though he promptly displayed his law-enforcement badge to the security guards, and even though the security guards were allegedly notified that Mr. Johnson was entitled to bring his weapon into the building, the security guards "handcuffed Plaintiff for over two hours." *Id.* ¶¶ 13-15.

Mr. Johnson further alleges that Christopher Addams — a FPS employee who supposedly supervised "either a Paragon Systems employee or MVM employee" — threatened to initiate criminal proceedings against Mr. Johnson for his conduct. *Id.* ¶¶ 16-17. Mr. Addams purportedly continued to threaten Mr. Johnson with legal action for a period of over two months after the incident, through December 2012. *Id.*

---

[1] When citing electronic filings in this opinion, the Court cites to the ECF page number, not the page number of the filed document.

Based on these allegations, Mr. Johnson filed suit on October 31, 2015 against Paragon. *See* Compl., ECF No. 1. In that complaint, Mr. Johnson asserted four causes of action: (1) a "Civil Rights Violation" pursuant to section 1983; (2) assault and battery; (3) intentional infliction of emotional distress; and (4) common-law negligence. *Id.* ¶¶ 18-35.

On July 1, 2016, the Court granted Paragon's partial motion to dismiss, dismissing Mr. Johnson's claim for intentional infliction of emotional distress after concluding that Mr. Johnson had failed to sufficiently allege that his injury resulted from "extreme and outrageous conduct." *See Johnson v. Paragon Sys., Inc.*, 195 F. Supp. 3d 96 (D.D.C. 2016).

Almost a year after initially filing suit, on October 21, 2016, Mr. Johnson filed an amended complaint that omitted his previously-dismissed claim for intentional infliction of emotional distress and added MVM, FPS, and Mr. Addams as co-defendants. *See* Am. Compl., ECF No. 12. On September 27, 2017, the Court granted Paragon summary judgment after finding that Mr. Johnson had failed to adduce evidence suggesting that Paragon took any action that caused Mr. Johnson's alleged injuries. *See Johnson v. Paragon Systems Inc.*, 272 F. Supp. 3d 1 (D.D.C. 2017).

Both MVM and the Federal Defendants now move to dismiss Mr. Johnson's amended complaint pursuant to Federal Rule of Civil

Procedure 12. Specifically, MVM argues that the amended complaint should be dismissed for insufficient service of process, because Mr. Johnson's claims are barred by the relevant statutes of limitations, and because Mr. Johnson fails to state a claim for negligence. *See* MVM Mem. in Supp. Mot. to Dismiss ("MVM Mot."), ECF No. 22-1 at 5-13. The Federal Defendants move to dismiss Mr. Johnson's complaint for insufficient service of process, lack of subject-matter jurisdiction, qualified immunity, lack of personal jurisdiction, and for failure to state a claim. *See* Fed. Defs.' Mem. in Supp. Mot. to Dismiss ("Fed. Mot."), ECF No. 23-1 at 6-18. For the following reasons, the Court **GRANTS** those motions and dismisses Mr. Johnson's amended complaint.[2]

## II. LEGAL STANDARD

### A. Rule 12(b)(1) – Subject-Matter Jurisdiction

"A federal district court may only hear a claim over which [it] has subject-matter jurisdiction; therefore, a Rule 12(b)(1) motion for dismissal is a threshold challenge to a court's jurisdiction." *Gregorio v. Hoover*, 238 F. Supp. 3d 37 (D.D.C.

---

[2] The Court does not address defendants' compelling service-of-process arguments because "the interest of judicial economy is served by reaching the merits of [plaintiff's] claims against [defendants] at this time, rather than delaying the inevitable by allowing [plaintiff] to file another lawsuit against those Defendants containing the same meritless claims." *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 68 (D.D.C. 2007).

2017) (citation and internal quotation marks omitted). To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the court has jurisdiction by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, "the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011). In so doing, the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but the court need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001).

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); *see also Jerome Stevens Pharm., Inc. v. Food and Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). Faced with motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6), a court should first consider the

Rule 12(b)(1) motion because "[o]nce a court determines that it lacks subject matter jurisdiction, it can proceed no further." *Ctr. for Biological Diversity v. Jackson*, 815 F. Supp. 2d 85, 90 (D.D.C. 2011) (citations and internal quotation marks omitted).

### B. Rule 12(b)(6) – Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

"[W]hen ruling on a defendant's motion to dismiss [pursuant to Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (internal quotation marks omitted). In addition, the court must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Despite this liberal pleading standard, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

6

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). A claim is facially plausible when the facts pled in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.*

**III. DISCUSSION**

**A. Plaintiff's Claims Against MVM Are Time-Barred.**

MVM moves to dismiss all the claims asserted against it on the grounds that they are barred by the relevant statutes of limitations. *See* MVM Mot., ECF No. 22-1 at 6-9. The Court agrees that Mr. Johnson's claims against MVM are time barred.

An affirmative defense based on the statute of limitations "may be raised by pre-answer motion under Rule 12(b)." *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). Because statute-of-limitations issues often depend on contested questions of fact, "a defendant is entitled to succeed on a Rule 12(b)(6) motion to dismiss brought on statutes of limitations grounds only if the facts that give rise to this affirmative defense are clear on the face of the plaintiff's complaint." *Lattisaw v. Dist. of Columbia*, 118 F. Supp.3d 142, 153 (D.D.C. 2015).

7

"When deciding state-law claims under diversity or supplemental jurisdiction, federal courts apply the choice-of-law rules of the jurisdiction in which they sit." *Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 148 (D.C. Cir. 1997). "Because the District of Columbia treats the statute of limitations as a procedural issue rather than a substantive one, the law of the forum state applies, as it does with respect to all procedural matters." *Gaudreau v. Am. Promotional Events, Inc.*, 511 F. Supp. 2d 152, 157 (D.D.C. 2007) (internal quotation marks omitted). Accordingly, District of Columbia law provides the limitations periods for Mr. Johnson's claims.

Under District of Columbia law, Mr. Johnson's section 1983 claim is subject to a three-year statute of limitations period. *See Earle v. D.C.*, 707 F.3d 299, 305 (D.C. Cir. 2012) ("We apply the three-year residual statute of limitations to a section 1983 claim."). Likewise, Mr. Johnson's negligence claim is subject to the District of Columbia's three-year residual statute of limitations. *See* D.C. Code § 12—301(8); *Griggs v. Washington Metro. Area Transit Auth.*, 232 F.3d 917, 919 (D.C. Cir. 2000) (claim sounding in negligence subject to a three-year statute of limitations). Finally, a one-year statute of limitations period applies to Mr. Johnson's claim for assault and battery. *See* D.C. Code § 12—301(4) (one-year limitations period applies to assault and battery claims); *King v. Barbour*, 240 F. Supp. 3d 136, 139

(D.D.C. 2017) ("The statute of limitations for civil assault claims in the District of Columbia is one year.").

The statutory period begins to run "from the time the right to maintain the action accrues." D.C. Code § 12–301. The cause of action accrues "when the plaintiff knows or through the exercise of due diligence should have known of the injury." *See Dist. of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995) (internal quotation marks omitted); *Munoz v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 427 Fed. Appx. 1, 3 (D.C. Cir. 2011) (section 1983 claim accrued when the alleged wrongful conduct occurred).

Here, the alleged wrongful conduct that forms the basis of Mr. Johnson's claims occurred on or about October 31, 2012 and continued through December 31, 2012. Am. Compl., ECF No. 12 ¶¶ 10-11, 16.[3] Mr. Johnson did not file his complaint against MVM until October 21, 2016, almost four years after his claims against MVM accrued and well past the expiration of the relevant statutes of limitations.

---

[3] Mr. Johnson's Amended Complaint alleges that the incident underlying his claims occurred, alternatively, "on or about October 24, 2012" and "on or about October 31, 2012." *See* Am. Compl., ECF No. 12 ¶¶ 10, 11. Mr. Johnson's original complaint refers only to the October 31, 2012 date. *See* Compl., ECF No. 1 ¶¶ 9, 10, 16. Whether the incident occurred on October 24 or October 31 does not change the result, however, because, as explained more fully below, Mr. Johnson filed his lawsuit against MVM **more than a year** after the latest limitations period had expired.

Mr. Johnson makes two arguments in support of his contention that his claims against MVM should be deemed timely. Neither argument saves his case.

***First***, Mr. Johnson asserts that his claim for a "Civil Rights violation" against MVM is not time-barred because that claim appeared in the original complaint, which was filed on October 31, 2015, and therefore falls within the three-year statute of limitations for section 1983 claims. Pl.'s Opp. to MVM Mot. to Dismiss ("Pl.'s MVM Opp."), ECF No. 28 at 6.[4] Under Federal Rule of Civil Procedure 15(c), an amended complaint adding a new defendant "relates back" to the original complaint only when, *inter alia*, the newly added defendant received notice of the action "within the period provided by Rule 4(m) for serving the summons and complaint" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." In other words, "relation back under Rule 15(c)(1)(C) depends on what **the party to be added** knew or should have known." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). Consistent with the rule, "[a] potential defendant who has not been named in a

---

[4] Although Mr. Johnson does not appear to make this same argument with respect to his negligence claim – which is also subject to a three-year statute of limitations period and which was also alleged in his original complaint – the same analysis applies.

lawsuit by the time the statute of limitations has run is entitled to repose – unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997).

Mr. Johnson offers no argument in support of the contention that MVM knew or should have known of the claims asserted in the original complaint. Nor is there any indication that Mr. Johnson merely made "a mistake concerning the proper party's identity" in its original complaint. *See Krupski*, 560 U.S. at 554 (holding that district court erred in denying relation back under Rule 15(c)(1)(C)(ii) where newly-added corporate defendant was a closely-related entity represented by the same counsel and had "constructive notice" of plaintiff's complaint within the Rule 4(m) time period). For example, Mr. Johnson does not allege that the defendant named in the original complaint, Paragon, is related to MVM in any way. Accordingly, Mr. Johnson cannot rely on the relation back doctrine to save his negligence or section 1983 claims.[5]

---

[5] Moreover, even if Mr. Johnson's section 1983 claim was not barred by the statute of limitations, dismissal of that claim would still be required because MVM does not act under the color of state law and thus a section 1983 claim cannot be maintained against it. *See* Am. Compl., ECF No. 12 ¶¶ 5, 7, 19 (alleging that MVM is a contractor with the *federal* government); MVM Mot., ECF No. 22-1 at 9; *see also Williams v. United States*, 396 F.3d 412, 414-16 (D.C. Cir. 2005).

***Second***, Mr. Johnson argues that his tort claims are not time-barred because "[t]he extent of the injury wasn't discovered until later when plaintiff continued to experience pain and was referred to a specialist who diagnosed the extent of the injuries." Pl.'s MVM Opp., ECF No. 28 at 5.[6] The law is well-settled, however, that a "tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues ***even though the full extent of the injury is not then known*** or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007) (citation and internal quotation marks omitted, emphasis added). "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Id.; see also, e.g.*, *Baker v. A.H. Robins Co., Inc.*, 613 F. Supp. 994, 996 (D.D.C. 1985) (fact that plaintiff did not "comprehend the full extent of ***all*** possible sequalae does not matter, for the law of limitations requires

---

[6] In his opposition brief, Mr. Johnson points to pages in an exhibit that purportedly support this argument. *See* Pl.'s MVM Opp., ECF No. 28 at 6. Mr. Johnson did not, however, file an exhibit with his opposition, and the Court could not locate any relevant exhibit elsewhere on the docket. In any event, because the amended complaint makes clear that Mr. Johnson knew of his injuries by the end of 2012, the additional information would not change the Court's result.

12

only that she have inquiry notice of the existence of a *cause of action* for personal injury") (emphasis in original).

Mr. Johnson alleges that he endured "physical pain and humiliation" at the time he was detained on October 31, 2012, and that defendants' actions continued to cause him "undue stress" until December 2012. *See* Am. Compl., ECF No. 12 ¶¶ 10-11, 15-16. His assault-and-battery and negligence claims are both premised on those injuries. *See id.* ¶ 27 (alleging that defendants assaulted or aided in the "assault and battery of plaintiff, intending to threaten or cause harm to Plaintiff and to cause apprehension of imminent harm or frivolous criminal charges from on or about October 31, 2012 and continuously through December 31, 2012"); *id.* ¶ 34 ("Defendants [sic] employees breached the duty of care to Plaintiff by keeping Plaintiff handcuffed for over 2 hours after determining Plaintiff was legally entitled to bring a handgun into the ICE facility and then threatening to start criminal proceedings against Plaintiff for over 2 months after the event[.]"). Accordingly, his claims accrued, at the latest, on December 31, 2012, rendering his tort claims untimely.

In sum, because all of the claims asserted against MVM are barred on statute-of-limitations grounds, the Court **GRANTS** MVM's motion to dismiss.

### B. Plaintiff's Claims Against the Federal Defendants Also Fail.

#### 1. The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Constitutional Claim Against the Federal Defendants.

Mr. Johnson purports to assert a claim against both FPS and Mr. Addams in his official capacity for a "Civil Rights Violation" based on an alleged violation of his Fourth Amendment rights. *See* Am. Compl., ECF No. 12 ¶¶ 18-25. The Court agrees with the Federal Defendants that it lacks subject-matter jurisdiction over this claim.

Sovereign immunity bars lawsuits for damages against the United States, its agencies, and its employees sued in their official capacities absent a waiver. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" of which the officer is an agent). A waiver of sovereign immunity "must be unequivocally expressed in statutory text" and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Here, Mr. Johnson's amended complaint seeks damages from FPS and Mr. Addams acting in his official capacity for their

14

"deliberate indifference to the constitutional rights of the Plaintiff." Am. Compl., ECF No. 12 ¶ 20. Mr. Johnson does not point to any statute waiving the sovereign immunity of FPS or Mr. Addams in his official capacity for such a claim. Indeed, "[s]ection 1983 does not apply to federal officials acting under color of federal law." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). Moreover, although federal constitutional claims are cognizable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), those claims only run against individual government officials in their personal capacity — not agencies or their agents in their official capacities. *See Loumiet v. United States*, 828 F.3d 935, 945 (D.C. Cir. 2016).

It is not clear whether Mr. Johnson alleges a *Bivens* claim against Mr. Addams in his individual capacity in his amended complaint. *Compare* Am. Compl., ECF No. 12 (making no mention of *Bivens* or of claims asserted against Mr. Addams in his individual capacity), *with* Pl.'s Opp. to Fed. Defs.' Mot. to Dismiss ("Pl.'s Fed. Opp."), ECF No. 29 at 2 (stating that the claims are alleged against Mr. Addams "in his individual and official capacity"). In any event, such a claim would fail. For one, it is well-settled that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 676 (2009). Therefore, "a plaintiff must plead that each Government-official defendant, through the official's ***own individual actions***, has violated the Constitution." *Id.* (emphasis added). Here, the primary allegation that pertains to Mr. Addams' role in any purported constitutional violation indicates that Mr. Addams "supervised either a Paragon Systems employee or MVM employee at all relevant times." Am. Compl., ECF No. 12 ¶ 17. Accordingly, Mr. Johnson may not move forward on his claim for damages for an alleged violation of his constitutional rights.[7]

   **2. Plaintiff's Tort Claims Must Be Dismissed Because He Failed to Exhaust His Administrative Remedies.**

 Mr. Johnson also alleges claims for negligence and assault and battery against the Federal Defendants. The Court construes these tort claims as ones brought against the United States under the Federal Tort Claims Act ("FTCA"), which is the "exclusive remedy for persons seeking recovery for damages for any 'negligent or wrongful act or omission of any employee of

---

[7] To the extent Mr. Johnson seeks "declaratory" and "injunctive relief," *see* Am. Compl., ECF No. 12 ¶ 35, the amended complaint does not specify the form of declaratory or injunctive relief sought, and Mr. Johnson does not offer any further description of what he seeks in his opposition brief. Accordingly, the Court finds that the amended complaint fails to meet the specificity requirements of Federal Rule of Civil Procedure 8(a)(3) with respect to any claims for specific relief. *See Ward v. Kennard*, 133 F. Supp. 2d 54, 59 (D.D.C. 2000).

the Government while acting within the scope of his office or employment.'" *Tripp v. Executive Office of the President*, 200 F.R.D. 140, 147 (D.D.C. 2001).

The FTCA waives sovereign immunity in limited circumstances, permitting a plaintiff to sue the United States for torts in situations in which "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *Sloan v. Dep't of Hous. & Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001). Before filing suit under the FTCA, a plaintiff must first present his alleged claims "to the appropriate Federal agency." 28 U.S.C. § 2675(a). Exhaustion of administrative remedies is a mandatory, jurisdictional prerequisite to filing such a lawsuit in federal court. *See Jones v. United States*, 296 Fed. Appx. 82, 83 (D.C. Cir. 2008); *Simpkins v. D.C. Gov't*, 108 F.3d 366, 370–71 (D.C. Cir. 1997).

To exhaust administrative remedies under the FTCA, a plaintiff must have presented the agency with "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987). Further, the agency must have either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim. *Id.* Importantly,

an individual submitting an administrative claim to an agency must do so within two years of discovery of "both his injury and its cause." *Sexton v. United States*, 832 F.2d 629, 633 (D.C. Cir. 1987) (quoting *United States v. Kubrick*, 444 U.S. 111, 119(1979)); *see also* 28 U.S.C. § 2401(b).

Mr. Johnson failed to exhaust his administrative remedies with respect to his tort claims. The amended complaint makes no mention of submission of Mr. Johnson's claims to FPS, and Mr. Johnson's opposition brief does not even address the Federal Defendants' exhaustion-related arguments. *See* Pl.'s Fed. Opp., ECF No. 29. Moreover, because it is undisputed that Mr. Johnson knew of his alleged injuries by December 2012, *see supra*, he was required to present his claim to the agency by December 2014. Accordingly, Mr. Johnson will be unable to exhaust his administrative remedies because his claims are time-barred.

## IV. CONCLUSION

For the reasons explained above, the Court grants MVM and the Federal Defendants motions to dismiss Mr. Johnson's amended complaint. A separate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**March 29, 2018**