```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
DENNIS JOHNSON,               )
                              )
          Plaintiff,          )    Civil Action
                              )    No. 15-1851(EGS)
     v.                       )
                              )
PARAGON SYSTEMS, INC, et al., )
                              )
          Defendants.         )
_____)
```

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Paragon Systems, Inc.'s ("Paragon") motion for attorney's fees. Upon consideration of the parties' memoranda, the applicable law, and the entire record, the Court **GRANTS in PART and DENIES in PART** Paragon's motion.

### I. BACKGROUND

A brief history of this litigation makes clear that Mr. Johnson's lawsuit against Paragon was meritless, and that his counsel's conduct wasted Paragon's time and resources as well as those of this Court.

Mr. Johnson, represented by Kevin J. McCants, initiated this action against Paragon in October 2015. *See* Compl., ECF No. 1. On February 1, 2016, Paragon filed a partial motion to dismiss. ECF No. 6. When no opposition to that motion was filed, the Court issued an Order directing Mr. Johnson to respond to Paragon's motion by no later than March 31, 2016. *See* Minute Order of Mar.

1

17, 2016. Mr. Johnson failed to comply with that deadline but did file a two-page opposition on April 1, 2016. *See* Pl.'s Opp. to Mot. to Dismiss, ECF No. 7. The Court subsequently granted Paragon's motion, dismissing Mr. Johnson's claim for intentional infliction of emotional distress after concluding that Mr. Johnson had failed to sufficiently allege that his injury resulted from "extreme and outrageous conduct." *See Johnson v. Paragon Sys., Inc.*, 195 F. Supp. 3d 96 (D.D.C. 2016).

After conducting discovery, Paragon moved for summary judgment on its remaining claims on the ground that Mr. Johnson had "mistakenly and improperly included Paragon as a party-defendant in this litigation." *See* Def.'s Mem. in Supp. of Mot. for Summ. J., ECF No. 18-1 at 7. When no opposition to that motion was filed, the Court directed Mr. Johnson to file his opposition by no later than March 23, 2017. *See* Minute Order of Mar. 9, 2017. Despite the Court's Order, Mr. Johnson never filed an opposition.

The Court entered judgement in Paragon's favor on the merits on September 27, 2017. *See Johnson v. Paragon Sys., Inc.*, 272 F. Supp. 3d 1 (D.D.C. 2017). In so doing, the Court noted that, on the record before the Court, it appeared that the lawsuit against Paragon was "ill-conceived and a waste of this Court's time and resources." *Id.* at 5. Accordingly, the Court ordered Mr. Johnson and his counsel, Mr. McCants, to show cause why

sanctions, including significant monetary sanctions, should not be imposed against them both pursuant to Federal Rule of Civil Procedure 11(b) and why Mr. McCants should not be referred to the Committee on Grievances of the United States District Court for the District of Columbia for any investigation or proceedings that the Committee may deem appropriate. *Id.*

The next day, Mr. McCants, on behalf of himself and his client, filed a cursory five-sentence response to that Order. *See* Pl.'s Resp. to Order of the Court, ECF No. 26. Mr. McCants stated that Paragon was "sued in good-faith" and that he "didn't know" that Paragon was not involved in the underlying incident leading to Mr. Johnson's alleged injuries "until the depositions." *Id.* at 1. Mr. Johnson further stated that "[w]hen it became clear that Paragon was not the liable party," Mr. McCants thought Mr. Johnson "was being responsible" by informing Paragon's attorney that he "would not oppose [Paragon's] motion for summary judgment." *Id.*

The remaining defendants[1] timely filed their motions to dismiss, ECF Nos. 22 and 23, and, again, Mr. Johnson failed to file an opposition to these motions until the Court ordered him to do so, *see* Minute Order of Oct. 6, 2017. Although Mr. Johnson complied with the Court's Order, his response was cursory at best. *See, e.g.*, Pl.'s Opp. to Mot. to Dismiss, ECF No. 29 (a three-page

---

[1] After the Court granted Paragon's motion to dismiss, Mr. Johnson filed an amended complaint adding a number of defendants. *See* Am. Compl., ECF No. 12.

3

memorandum with a six-sentence "argument" section). Thereafter, the Court dismissed the remaining defendants on March 29, 2018. *See* Order, ECF No. 35.

Shortly after dismissing the remaining defendants in this litigation, *see Johnson v. Paragon Sys., Inc.*, No. 15-1851, 2018 WL 1542134 (Mar. 29, 2018), the Court directed Paragon to file its motion for attorney's fees, *see* Minute Order of April 3, 2018. Mr. Johnson was directed to file his response to Paragon's motion by no later than April 27, 2018; in keeping with his pattern of dilatory conduct in this case, Mr. Johnson's counsel failed to file a timely opposition. Four days after the deadline for an opposition had passed, Mr. Johnson requested additional time to respond to Paragon's fee petition, *see* Emergency Mot. for Extension of Time, ECF No. 38, which the Court reluctantly granted, *see* Minute Order of May 2, 2018. Mr. Johnson filed his response on May 4, 2018, *see* Pl.'s Opp. to Fee Shifting, ECF No. 39, asserting that a fee award is not warranted or, in the alternative, that fees should be limited to expenses incurred after the date of Mr. Johnson's deposition. *See id.*

**II. ANALYSIS**

The Court agrees that Paragon is entitled to attorney's fees, however Paragon's requested fee must be reduced to only expenses incurred following Mr. Johnson's deposition. "Federal courts possess certain 'inherent powers,' not conferred by rule or

statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)). Those powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Accordingly, a court may issue "contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions" when necessary to reimburse a party for frivolous litigation conducted against it. *Parsi v. Daioleslam*, 778 F.3d 116, 130 (D.C. Cir. 2015) (citation and internal quotation marks omitted).[2] Generally, "a finding of bad faith is required for an award of attorney's fees under the court's inherent power." *Id.* at 131.

In *Goodyear Tire & Rubber Co. v. Haeger*, the Supreme Court held that a fees award issued pursuant to a court's inherent authority to sanction a litigant for bad-faith conduct must be

---

[2] Although Paragon urges the Court to consider issuing sanctions pursuant to Federal Rule of Civil Procedure 11, *see* Paragon's Mot. for Fees, ECF No. 37 at 2, the misconduct here does not involve "any pleading or paper submitted to the court." *Ali v. Tolbert*, 636 F.3d 622, 627 (D.C. Cir. 2011). Rather, as explained more fully below, it involves plaintiff's "*failure* to present a document" dismissing claims he knew to be meritless. *Id.* Because Rule 11, on its face, only applies to representations made to the Court made in a "pleading, written motion, or other paper," the Court concludes that sanctions in this case are not authorized under Rule 11.

5

"limited to the fees the innocent party incurred solely because of the misconduct." 137 S.Ct. at 1184. In other words, there must be a "causal link" between "the litigant's misbehavior and legal fees paid by the opposing party." *Id.* at 1186. Accordingly, before awarding fees, a court must "determine whether a given legal fee — say, for taking a deposition or drafting a motion — would or would not have been incurred in the absence of the sanctioned conduct." *Id.* at 1187.

On the record before it, the Court cannot definitively conclude that Mr. Johnson's suit against Paragon was initiated in bad faith. *See* Pl.'s Resp. to Order of the Court, ECF No. 26 at 1 (stating that, when Mr. McCants started investigating Mr. Johnson's claims, the guards at the facility "were wearing Paragon uniforms" and that the contract had "switched from Paragon to MVM six days after the incident" underlying Mr. Johnson's complaint). Mr. Johnson and Mr. McCants assert that they did not know that Paragon was an improper party "until the depositions" were taken in this case. *Id*. Although they do not specify the "depositions" to which they refer, Paragon's billing records indicate that Mr. Johnson was deposed on October 3, 2016. *See* Paragon's Mot. for Fees Ex. 1, ECF No. 37-1 at 6. As the Court noted in granting Paragon's motion for summary judgment, Mr. Johnson conceded at that deposition that he had no knowledge or information to support his belief that Paragon caused his alleged injuries. *See Johnson*

*v. Paragon Sys., Inc.*, 272 F. Supp. 3d 1, 2 (D.D.C. 2017). Indeed, shortly after the conclusion of the deposition, Paragon's counsel emailed Mr. McCants and asked that, "[g]iven [his] client's deposition testimony," he "voluntarily dismiss his Complaint against Paragon Systems." ECF No. 27-1 at 10. Mr. Johnson and Mr. McCants' decision to continue this litigation despite Mr. Johnson's concession that he had no knowledge or information to support his belief that Paragon caused his alleged injuries constitutes bad-faith. Mr. Johnson refusal to dismiss the claims against Paragon forced Paragon to continue incurring expenses defending itself until the Court granted summary judgment in its favor on September 27, 2017. *See* Order, ECF No. 25. Accordingly, the Court concludes that fees incurred by Paragon after Mr. Johnson's deposition on October 3, 2016 were caused by Mr. Johnson's and Mr. McCants's bad-faith conduct in this litigation.

Because the Court finds that both Mr. Johnson and Mr. McCants acted in bad faith during the course of these proceedings, the Court will impose the fee award against Mr. Johnson and Mr. McCants jointly and severally. *See Roadway Express v. Piper*, 447 U.S. 752, 764-67 (1980) ("The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes.").

The Court has reviewed Paragon's billing records and finds that Paragon's counsel spent 40.7 hours after the deposition on October 3, 2016 in connection with the defense of this case. This includes time spent drafting and filing a motion for summary judgment that Mr. Johnson or Mr. McCants admit they had no intention of opposing. *See* Pl.'s Resp. to Order of the Court, ECF No. 26 at 1 ("When it became clear that Paragon was not the liable party, counsel thought I was being responsible by telling Paragon['s] attorney I would not oppose their motion for summary judgment and that's why I didn't respond to it."). The Court further concludes that Paragon's hourly rate of $175 comports with prevailing community standards and is eminently fair and reasonable. *See* U.S. Attorney's Office Attorney's Fees Matrix, 2015-2018 (providing for hourly rates between $302 and $602 depending on years of experience), https://www.justice.gov/usao-dc/file/796471. Accordingly, pursuant to Federal Rule of Civil Procedure 11, it is hereby

**ORDERED** that Paragon's motion for attorney's fees is **GRANTED in PART and DENIED in Part**; and it is

**FURTHER ORDERED** that plaintiff and/or his attorney shall pay **$7,122.50** in attorney's fees and costs to Paragon **by no later than December 31, 2018**. Any request for an extension of time for payment of this fee shall be viewed with disfavor.

**SO ORDERED.**

**Signed:　Emmet G. Sullivan
　　　　　United States District Judge
　　　　　October 17, 2018**